IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN BALDINI<br>315 Burmont Road<br>Drexel Hill, PA 19026<br>　　　Plaintiff, | :<br>:<br>:<br>:<br>:<br>: | |
| vs. | :<br>:<br>: | No. |
| COUNTY OF DELAWARE<br>201 West Front Street<br>Media, PA 19063 | :<br>:<br>: | JURY TRIAL DEMANDED |

## COMPLAINT

Filed by:

**LAW OFFICES OF KENNETH R. SCHUSTER & ASSOC., P.C.**
334 W. Front Street　　　　　　Justin M. Bernstein, Esquire
Media, PA 19063　　　　　　　　PA ID: 314029
(610) 892-9200　　　　　　　　　jbernstein@schusterlaw.com

AND NOW John Baldini, by and through undersigned counsel, files this Complaint alleging violation of his civil rights, pursuant to the Age Discrimination in Employment Act, 29 U.S.C.A. 621, et seq., the Americans with Disabilities Act, 42 U.S.C.A. § 126, et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. In support thereof, he avers as follows:

## THE PARTIES

1. John Baldini ("Plaintiff") is an adult individual, born on August 20, 1963, and citizen of the Commonwealth of Pennsylvania, residing therein at 345 Burmont Road, Drexel Hill, PA 19026.

2. Plaintiff was a long-term employee of the County of Delaware, specifically, with the Office of the Public Defender, where Plaintiff worked as an Attorney.

3. The County of Delaware ("Defendant") is a political subdivision of the Commonwealth of Pennsylvania, with an address for service of process located at 201 West Front Street, Media, PA 19063.

## JURISDICTION

4. Jurisdiction over this controversy is properly vested in the United States District Court pursuant to 28 U.S.C. §1331, as it is a civil action arising under the Constitution and laws of the United States of America.

5. Supplemental jurisdiction over Plaintiff's state law claims is conferred upon this Honorable Court pursuant to 28 U.S.C. § 1367.

## VENUE

6. This matter is properly addressed in the venue of the United States District Court for the Eastern District of Pennsylvania, because a substantial part of the events, acts and omissions by Defendant giving rise to Plaintiff's claim occurred in the jurisdiction of this Court, more specifically, Media, Delaware County, Pennsylvania.

## FACTS AT ISSUE

7. At all relevant times, Defendant implemented and managed the Delaware County Office of the Public Defender, which provides legal representation for indigent individuals in the criminal justice system.

8. Plaintiff was employed by Defendant as an Attorney, beginning in 2008

9. Plaintiff was abundantly qualified for his employment position with Defendant.

10. Defendant terminated Plaintiff's employment on March 15, 2024.

11. Defendant informed Plaintiff that the reason for his termination was 1, failure to use the new Beta Version Data Entry System, 2 Failure to use the OMS prison system, 3, Failure to Answer two calls from a supervisor who was late to a Court hearing, 4, because the clients were negatively impacted.

12. The Defendant made a pretextual excuse for Plaintiff's termination by claiming that his clients complained, a claim known to Defendant to be completely false.

13. Before he was terminated, an employee of Defendant in a Management position, stated: "I hate old white men."

14. Defendant terminated Plaintiff's employment due to his age on March 15, 2023, based on pretextual and false reasons stated herein above.

15. Plaintiff suffered a multitude of damages resulting from Defendant's unlawful discrimination and termination.

16. As a result of the termination, Plaintiff suffered immediate economic loss of wages and benefits.

17. The termination adversely affected Plaintiff's ability to find replacement employment.

18. The discrimination that Plaintiff suffered caused emotional damage, pain, and suffering.

19. The termination caused humiliation and related suffering to the Plaintiff.

20. The discrimination inflicted by Defendant related to Plaintiff's age caused further emotional damage to Plaintiff.

21. Plaintiff filed a formal charge with the U.S. Equal Employment Opportunity Commission signed and dated 9/8/2023 under number 530-

2023-08296 and Plaintiff received a Right to Sue Letter on January 10, 2024.

22. Plaintiff has exhausted the administrative remedies available to him, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

## COUNT I
## VIOLATION of AGE DISCRIMINATION IN EMPLOYMENT ACT
### *Plaintiff v. Defendant*

23. Plaintiff hereby incorporates by reference the paragraphs set forth above as if fully set forth herein at length.

24. Defendant is an employer under the terms of 29 U.S.C.A. § 630(b).

25. At all relevant times, Plaintiff was an employee pursuant to 29 U.S.C.A. (f).

26. Plaintiff was an employee of the County of Delaware.

27. The agents of Defendant who supervised and ultimately terminated Plaintiff were acting within the course and scope of their employment and ultimately at the direction of Defendant.

28. Defendant is responsible for the actions and omissions of its agents through the doctrine of *Respondeat Superior*.

29. The Defendant felt decreased desire to maintain Plaintiff's employment compared to younger employees and potential employees, since Plaintiff was over the age of forty (40).

30. One of Defendant's agents even admitted Defendant's attitude regarding Plaintiff's age, saying that "I hate old white men," as witnessed by then Assistant Chief of Appeals.

31. Multiple individuals, with positions similar to Plaintiff's, were terminated by Defendant after those individuals passed the age of forty (40).

32. The reasons given to Plaintiff for his termination are pretextual; he was terminated due to being over the age of forty (40).

33. Defendant's actions violate 29 U.S.C.A. § 623 and the Pennsylvania Human Relations Act, 42 P.S. § 955.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court enter judgment in favor of Plaintiff and against Defendant in excess of $150,000 for compensatory damages, consequential damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, as well as punitive damages for intentional discrimination on the basis of age and disability, amounting to malicious and reckless indifference to Plaintiff's civil rights, together with reasonable and necessary costs and attorney fees.

Respectfully submitted,

*/S/ Justin M. Bernstein*
Justin M. Bernstein, Esquire
Law Offices of Kenneth R. Schuster & Assoc., P.C.
334 W. Front Street,
Media, PA 19063
(610) 892-9200
jbernstein@schusterlaw.com
*Attorney for the Plaintiff*

Date: April 8, 2024