IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOHN BALDINI, *Plaintiff* v. COUNTY OF DELAWARE, *Defendant* | CIVIL ACTION NO. 24-1456 |
|---|---|

**Baylson, J.**                                                              **July 8, 2024**

## MEMORANDUM

John Baldini, Plaintiff, was employed by Delaware County, Defendant, as an Assistant Public Defender from 2008 until his termination on March 15, 2023. Sec. Am. Compl. ¶¶ 1–2, 10, 12 ("SAC"), ECF 10. Defendant gave Plaintiff several lawful reasons for his termination, including his inability to use a data entry system. Id. at ¶ 13. But Plaintiff does not buy it. He believes Defendant fired him because of his age—he was 59—and union activities. Id. at ¶¶ 33–44. Defendant moves for dismissal for failure to state a claim. For the reasons stated below, this Court **GRANTS in part** and **DENIES in part** Defendant's motion.

### I.   FACTUAL ALLEGATIONS

Plaintiff alleges three pertinent factual allegations to support his age discrimination claim. First, he claims that in May 2022, Emily Mirsky, a manager with the authority to discipline and terminate Plaintiff, openly aired in a management meeting that she "hate[s] old white men." Id. at ¶¶ 16–17. She was referring to a prosecutor and Delaware County Court of Common Pleas Judge. Id. at ¶ 16. Chief Public Defender Christopher Welsh was present in the meeting. Id. at ¶ 17.

1

Moreover, Plaintiff alleges Ms. Mirsky had difficulty using the same data entry system that Defendant provided as basis for terminating Plaintiff, but Ms. Mirsky, unlike Plaintiff, did not face discipline. Id. at ¶¶ 18–21.

Second, the Delaware County Public Defender had a history of age discrimination suits. Id. at ¶ 22. Another former attorney sued claiming he was terminated because of his age. Id. at ¶¶ 22–23. In that suit, which was before this Court, several employees at the Delaware County Public Defender ("DPD") testified that Chief Defender Welsh exhibited hostility toward older employees on multiple occasions. Bechtle v. Cnty. of Delaware, , 2022 WL 19272, at *4 (E.D. Pa. Jan. 3, 2022) (Baylson, J.)[1]

Finally, Plaintiff alleges that his replacement was under age 40 and at least twenty years younger than him. SAC ¶ 24.

Separately, Plaintiff alleges that in the twelve months before his termination he participated in unspecified union meetings, discussions, and decision-making events. Id. at ¶ 45–48. Plaintiff contends his firing was in retaliation for his union participation. Id. at ¶ 44.

## II.   PROCEDURAL HISTORY

Plaintiff initially filed suit on April 8, 2024. ECF 1. Defendant moved to dismiss, Plaintiff hired a new lawyer, and amended his Complaint in response. ECF 4, ECF 5, ECF 6. Defendant moved to dismiss the Amended Complaint, and Plaintiff filed a Second Amended Complaint without leave. ECF 7, ECF 10. Defendant moved to dismiss Plaintiff's SAC on May 16, 2024, and Plaintiff filed a substantive response on May 30, 2024. ECF 11, ECF 13.[2]

---

[1] This Court takes judicial notice of its prior rulings, which are properly considered at the motion to dismiss stage. McTernan v. City of York, Penn., 577 F.3d 521, 526 (3d Cir. 2009).

[2] Plaintiff improperly filed his SAC without first acquiring court permission. Nonetheless, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Or conversely, a court should deny leave only where it causes "undue delay, bad faith, dilatory motive, prejudice, and futility." Shane v.

Plaintiff raises three causes of action. Under Count I, Plaintiff alleges that Defendant discriminated against him because of his age in violation of the American Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a)(1). SAC ¶¶ 33–43. And in Counts II and III, Plaintiff alleges that Defendant retaliated against him for participating in labor activities, in violation of the National Labor Relations Act ("NLRA"), 29 U.S.C. §§ 157-58, and Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-3. SAC ¶¶ 42–44.

Defendant contends this Court must dismiss Plaintiff's claims. First, Defendant argues that this Court is preempted from exercising jurisdiction over Plaintiff's National Labor Relations Act claims. ECF 11 at 6–7. Second, Defendant attacks Plaintiff's age discrimination claims as factually insufficient as pled. Id. at 8–14. Ms. Mirsky's comment, Defendant advances, was a stray remark by a nondecision maker and temporally attenuated from Plaintiff's firing. Id. Moreover, Defendant argues that the prior lawsuit was also too far in the past to have relevance. Id. Finally, Defendant frames Plaintiff's allegation that an under 40 employee replaced him as a legal conclusion, not factual allegation.[3] Id.

### III.  LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren

---

Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (internal citations and quotations omitted). Those characteristics do not apply, and this Court accepts Plaintiff's SAC, which Defendant has substantively addressed and challenged in its most recent motion, as the operative pleading.

[3] Defendant also points out that Plaintiff improperly raised a Title VII cause of action in Count III. In his SAC, Plaintiff alleges that Defendant retaliated against him for union activities, in violation of the Civil Rights Act of 1964, otherwise known as Title VII. 42 U.S.C. §§ 2000e-2-2000e-3. SAC ¶¶ 42–44. However, Title VII protects employees from repercussions for reporting discrimination due to "race, color, religion, sex, or national origin;" it does not regulate labor activity. 42 U.S.C. § 2000e-2. Plaintiff, perhaps realizing his error, did not address Defendant's argument in his response. Count III of Plaintiff's SAC will be **DISMISSED**.

Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). To survive the motion, a plaintiff must "plead 'sufficient factual matter to show that the claim is facially plausible,' thus enabling 'the court to draw the reasonable inference that the defendant is liable for misconduct alleged.'" Warren Gen. Hosp., 643 F.3d at 84 (quoting Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At the same time, the Third Circuit favors substance over form—"a plaintiff is not required to establish the elements of a prima facie case but instead, need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." Fowler v. UPMC Shadyside, 578 F.3d 203, 213 (3d Cir. 2009) (internal citations and quotations omitted).

## IV.   DISCUSSION

### A.  Plaintiff's NLRA Claim Will Be Dismissed

For over sixty years, federal courts have been preempted from deciding any cause of action that "implicates protected concerted activity under section 7 of the NLRA or conduct that would be prohibited as an unfair labor practice under section 8 of the NLRA." Voilas v. General Motors Corp., 170 F.3d 367, 378 (3d Cir. 1999). Rather, when an "activity is arguably subject to" either section, "the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board." San Diego Bldg. Trades Council, Millmen's Union, Loc. 2020 v. Garmon, 359 U.S. 236, 245 (1959). While the word "arguably" may, in certain circumstances, require clarification, the present case is not one. See International Longshoremen's Association v. Davis, 476 U.S. 380, 395 (1986) (circumscribing an operative legal test to define "arguably"). Plaintiff specifically incants sections 7 and 8 of the NLRA as his cause of action under Count II.

SAC ¶¶ 42–44. Thus, he has pled himself squarely under Garmon preemption, and Count II must be **DISMISSED**.[4]

### B. Plaintiff's ADEA Claim Survives Defendant's Motion to Dismiss

At the motion to dismiss stage, it is sufficient, but not necessary to allege a prima facie case of age discrimination. Martinez v. UPMC Susquehanna, 986 F.3d 261, 266 (3d Cir. 2021). For ADEA claims, a plaintiff makes out a prima facie case when he (1) is at least forty, (2) is qualified for the position, (3) suffers an adverse employment decision, and (4) is replaced by someone else who is "sufficiently younger so as to support an inference of a discriminatory motive." Willis v. UPMC Children's Hosp. of Pittsburgh, 808 F.3d 638, 644 (3d Cir. 2015). Moreover, at the motion to dismiss stage, the Complaint need only "allege enough facts to raise a reasonable expectation that discovery will reveal evidence of each necessary element," which is explicitly less rigid than the prima facie showing necessary at later stages of litigation. Martinez, 986 F.3d at 266.

Martinez delineates the difference between a threadbare "legal conclusion" and well-pled factual allegation for ADEA claims evaluated at the motion to dismiss stage. There, the Third Circuit held that an allegation that a replacement was "significantly younger" than the plaintiff was a factual, not a legal conclusion. Martinez 986 F.3d at 266. Instead, the "legal conclusion . . . is that the employer took the adverse action because of the plaintiff's age." Id. But

---

[4] Even were preemption inapplicable, Plaintiff failed to plead more than "threadbare" allegations concerning his labor activities that are simply not "plausible" on their face to make out an NLRA violation. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff's participation in union organizing is unclear. He does not specify what activities he organized, in what capacity he acted, nor how any other members compared to non-members were affected. So, without direct evidence of retaliation, his bare allegation that activities he engaged in during the 12 months before his termination triggered that decision cannot lead to an inference of discrimination. See Qin v. Vertex, Inc., 100 F.4th 458 (3d Cir. 2024) ("For temporal proximity to be sufficient on its own [to infer a causal connection to termination], the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive," but certainly no longer than three to five months) (internal citations and quotations omitted).

the details of a replacement, including his or her "exact age[ ] are not ultimate issues or even legally mandated elements. Indeed, no minimum age gap is needed to find that the replacement is 'significantly younger.'" Martinez 986 F.3d at 266 (quoting Barber v. CSX Distrib. Servs., 68 F.3d 694, 699 (3d Cir. 1995)). All a plaintiff needs to prove under the ADEA is that his employer based an adverse employment decision on his older age—comparison with replacements is a well-traveled evidentiary route to that destination, but not a legally mandated one. Id. Thus, the Court's logic was simple—because ADEA cases, "[e]ven circumstantial-evidence [ones] do not always require an age gap or a direct replacement," allegations characterizing the age of replacements are definitionally not "formulaic recitations of the elements," but "matter[s] of common parlance and observation." Martinez, 986 F.3d at 265, 267 (quoting Twombly, 550 U.S. at 555). More simply, they are factual allegations. Id.

Plaintiff's SAC tracks that which Martinez held was sufficient to survive summary dismissal. Like the Plaintiff in Martinez, he alleges "he is over forty, he is qualified for the job, and he was fired and not rehired." 986 F.3d at 267. Moreover, he alleges that his replacement was at least twenty years—significantly younger than—him. As stated in Martinez, "[t]hese factual allegations of age difference are enough."[5] Id.

Admittedly, were Plaintiff to exclusively rely on a claim that an unnamed younger employee replaced him, Defendant's motion might present a closer call. But Plaintiff buttresses his claim with additional factual allegations. Most significantly, Plaintiff cites that this same

---

[5] Defendant argues that Plaintiff's allegation is legal, not factual, because he does not name his replacement. ECF 12, at 12–14. But that is simply not relevant from a legal perspective. At root, Defendant asks this Court to disbelieve Plaintiff's allegation that he was replaced with a significantly younger employee, when this Court must do the opposite. Fowler, 578 F.3d at 210 (reiterating that "courts accept all factual allegations as true" when determining the sufficiency of a complaint) As Martinez makes clear, precise details describing a replacement are not necessary; what matters is that a significant age-gap in a replacement is pled.

Defendant, under the same Chief Defender Welsh, faced another ADEA suit two years ago. In that case, which was before this Court, we observed that multiple employees at the DPD testified that Welsh questioned why a fifty-one year old was still working at the DPD, questioned why a different "old man" employee would be assigned to certain cases, and questioned why yet another employee "still wanted to work" at the office "after two decades." Bechtle, 2022 WL 19272, at *4. One employee testified that Welsh was "getting rid of older employees and bringing in newer ones," which this Court found relevant to "suggest a pattern that could support a finding of age discrimination." Id. In Bechtle, this testimony about management's attitudes precluded granting summary judgment for the same Defendant.[6] Id. Surviving a motion to dismiss, as Plaintiff must do here, is a significantly lower bar to clear. Plaintiff has done so.

## V. CONCLUSION

For the foregoing reasons, this Court **GRANTS** Defendant's motion with respect to Counts II and III and **DENIES** its motion with respect to Count I. An appropriate **ORDER** will follow.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL   24\24-1456   Baldini   v.   County   of   Delaware\24cv1456 Memorandum Denying Motion to Dismiss.docx

---

[6] Defendant correctly, and with some persuasive force, notes that Bechtle sued years before the present action, which dilutes its importance for the present action. ECF 11 at 11–12. However, this Court finds it relevant at this early stage of litigation, despite the temporal attenuation, for one principal reason: Bechtle and Baldini's suits involve the potential biases of same manager, Chief Defender Welsh.