IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN BALDINI,**<br>*Plaintiff*,<br><br>v.<br><br>**COUNTY OF DELAWARE,**<br>*Defendant*. | **CIVIL ACTION**<br><br>**NO. 24-1456** |

MEMORANDUM RE: SUMMARY JUDGMENT

**Baylson, J.**                                                                                    **April 23, 2025**

Plaintiff John Baldini ("Baldini"), a former Assistant Public Defender, alleges age discrimination against his former employer, the County of Delaware (the "County"), leading to his termination. The County filed a Motion for Summary Judgment, which is now before this Court and is **GRANTED** for the reasons stated below.

I.        FACTUAL ALLEGATIONS

Considering the undisputed facts, and the disputed facts in the light most favorable to the non-movant, the events giving rise to this case are as follows. Baldini was hired as an Assistant Public Defender for Delaware County on March 3, 2008. Defendant's Statement of Undisputed Material Facts ¶¶ 1, 2, ECF 32 ("DSUMF") (citing Def. Ex. 1, ECF 32-1 & Def. Ex. 2, ECF 32-2); Plaintiff's Response to Defendant's Statement of Undisputed Material Facts ¶¶ 1, 2, ECF 38 ("RDSUMF"). On February 23, 2022, Emily Mirsky, chief-of-appeals, wrote to Public Defender Christopher Welsh regarding Baldini's performance in a case, Commw. v. Faison. DSUMF ¶ 5 (citing Def. Ex. 5, ECF 32-5).[1] On March 3, 2022, Welsh, Baldini's supervisor, Baldini, and union

_____

[1] Baldini denies "Defendant's characterization [in the DSUMF] of the content of the reference email," and cites to two Affidavits. RDSUMF ¶ 5 (citing Plf. Ex. A, ECF 38-1 & Plf. Ex. B, ECF 38-2). Affidavit mentioning Mirsky refers to a quote attributed to her but does not genuinely dispute any fact stated in DSUMF ¶ 5. See Plf. Ex. B, ECF 38-2. This Court considers the facts in DSUMF ¶ 5 undisputed in light of Baldini's failure to cite to evidence showing a

representatives met to discuss concerns about Baldini's performance, including failure to document actions, expeditiously resolve cases, and submit files for supervisory review.  Id. ¶¶ 6, 7 (citing Def. Ex. 4, ECF 32-4 & Defs. Ex. 6, ECF 34-6).[2]  Welsh provided Baldini with documentation of the concerns, assigned him to a new courtroom, and told him to hand over casefiles (which he did not).  Id. ¶¶ 8–10 (citing Def. Ex. 4, ECF 32-4 & Defs. Ex. 6, ECF 34-6).[3]

On April 26, 2022, Mirsky emailed Welsh again after further reviewing the Faison record, noting that Baldini had "little to no knowledge of the Rules of Evidence or basic jury practice," failed to file opposition motions, was unaware that his client had relevant prior convictions, could not open a document containing prison calls, attempted to introduce clearly inadmissible evidence, and failed to prepare a sentencing memorandum.  Id. ¶ 11 (citing Def. Ex. 7, ECF 34-7).[4]  On May 16, 2022, Baldini received a letter summarizing these concerns and was put on a Performance Improvement Plan ("PIP") (citing Def. Ex. 9, ECF 34-9).[5]

---

genuine dispute.  See Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006) ("Berckeley") (describing summary judgment as "put up or shut up time for the non-moving party"); Romich v. Sears Holding Corp., 2013 WL 5925082, at *1 (E.D. Pa. Nov. 5, 2013) (Pratter, J.) (considering facts undisputed where non-movant did not cite to evidence raising genuine issue of material fact).

[2] This Court considers the facts in DSUMF ¶ 7 undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  RDSUMF ¶ 7; see Berckeley., 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[3] This Court considers the facts in DSUMF ¶¶ 8–10 undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  RDSUMF ¶ 8–10; see Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[4] Baldini asserts that Mirsky and Welsh targeted him and that Faison had limitations for which he was not responsible.  RDSUMF ¶ 11.  However, Baldini does not cite to specific evidence to show a genuine dispute regarding the facts alleged in DSUMF ¶ 11, which are supported by Def. Ex. 7, ECF 34-7.  This Court considers the facts in DSUMF ¶ 11 undisputed.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[5] This Court considers the facts in DSUMF ¶ 17, which are supported by Def. Ex. 9, ECF 34-9, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

On July 20, 2022, Baldini's supervisor requested that Baldini file a praecipe to withdraw from a case.  Id. ¶ 18 (citing Def. Ex. 10, ECF 34-10).  Baldini did not file the praecipe after multiple requests.  Id.[6]  On August 3, 2022, Baldini failed to appear for clients' preliminary hearings.  Id. ¶ 19 (citing Def. Ex. 10, ECF 34-10).[7]  On August 18, 2022, Baldini was suspended without pay from August 18 to 29, 2022.  DSUMF ¶ 20 (citing Def. Ex. 10, ECF 34-10); RDSUMF ¶ 20.  When Baldini returned, Welsh supplemented Baldini's PIP to include tasks such as appearing in court as scheduled, responding to emails, typing hearing summaries due to legibility issues, and completing tasks assigned by managers.  DSUMF ¶ 21 (citing Def. Ex. 11, ECF 34-11).[8]

On November 15, 2022, Welsh emailed all staff (including Baldini) that referrals were to be made using the case management system.  Id. ¶ 22 (citing Def. Ex. 12, ECF 34-12).[9]  On February 23, 2023, this expectation was reiterated.  Id. ¶ 23 (citing Def. Ex. 4, ECF 34-4).[10]  Baldini never logged into the case management system nor used it to make referrals.  Id. ¶ 24

---

[6] Baldini's failure to file a withdrawal is supported by Def. Ex. 10, ECF 34-10.  RDSUMF ¶ 18.  This Court considers this fact undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[7] This Court considers the facts in DSUMF ¶ 19 that Baldini failed to attend certain preliminary hearings, which is supported by Def. Ex. 10, ECF 34-10, undisputed in light of his failure to cite to evidence showing otherwise.  RDSUMF ¶ 19; see Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[8] Baldini denies this as a conclusion of law.  RDSUMF ¶ 21.  This is inaccurate and he does not cite to specific evidence genuinely disputing the facts alleged in DSUMF ¶ 21, which are supported by Def. Ex. 11, ECF 34-11.  This Court considers the facts in DSUMF ¶ 21 undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[9] This Court considers the facts in DSUMF ¶ 22, which are supported by Def. Ex. 12, ECF 34-12, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  RDSUMF ¶ 22; see Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[10] This Court considers the facts in DSUMF ¶ 23, which are supported by Def. Ex. 4, ECF 34-4, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  RDSUMF ¶ 23; see Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

(citing Def. Ex. 13, ECF 32-13).[11]   Baldini stopped typing his notes and never logged in to the

Offender Management System.  Id. ¶ 25 (citing Def. Ex 4, ECF 34-4 & Def. Ex. 14, ECF 34-14).[12]

On March 15, 2023, Baldini was recommended for termination.  DSUMF ¶ 27 (citing Def.

Ex. 16, ECF 34-16).[13]  Baldini was terminated just before turning sixty.   Plaintiff's Statement of

Undisputed Material Facts, ECF 38 ("PSUMF") ¶ 1; Defendant's Response to Plaintiff's

Statement of Undisputed Material Facts ¶ 1, ECF 42 ("RPSUMF").  Baldini filed an EEOC/HRA

charge alleging age discrimination.  PSUMF ¶ 5; RPSMF ¶ 5.

## II.    PROCEDURAL HISTORY

Baldini filed a Complaint against the County on April 8, 2024, and filed two Amended

Complaints shortly thereafter.  ECF 1, 6, 10.  On May 16, 2024, the County filed a Motion to

Dismiss.  ECF 11.  The Court dismissed Counts II and II of the Second Amended Complaint,

leaving only Count I.  ECF 17.  The parties completed fact discovery on January 1, 2025.  ECF

27.  On February 7, 2025, the County filed a Motion for Summary Judgment.  Mot., ECF 32.  On

February 21, 2025, Baldini filed a response.  ECF 38.  On February 28, 2025, the County filed a

reply.  ECF 42.  On April 9, 2025, Baldini filed a Motion to Stay, ECF 54, which the Court denied,

ECF 55.  After being granted leave, Baldini filed a sur-reply on April 22, 2025.  ECF 57.

---

[11] This Court considers the fact that Baldini did not log in or input referrals in the case management system, DSUMF ¶ 24, which is supported by Def. Ex. 13, ECF 34-13, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[12] This Court considers the facts in DSUMF ¶¶ 25–26, which are supported by Def. Ex. 4, ECF 34-4 & Def. Ex. 14, ECF 34-14, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  RDSUMF ¶¶ 25–26; see Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

[13] Baldini denies this as a conclusion of law.  RDSUMF ¶ 27.  The County's statement is not a conclusion of law.  This Court considers the facts in DSUMF ¶ 27, which are supported by Def. Ex. 16, ECF 34-16, undisputed in light of Baldini's failure to cite to evidence showing a genuine dispute.  See Berckeley, 455 F.3d at 201; Romich, 2013 WL 5925082, at *1.

### III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-movant party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it might affect the outcome of the case under governing law. Id.

A party seeking summary judgment bears the initial responsibility for informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Where the non-movant bears the burden of proof, the movant's initial burden can be met simply by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. After the movant has met its initial burden, the non-movant's response must, by "citing to particular parts of materials in the record," show that a fact is "genuinely disputed." Fed. R. Civ. P. 56(c)(1). Summary judgment is appropriate if the non-movant fails to rebut by making a factual showing "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Under Rule 56, the Court must view the evidence presented on the motion in the light most favorable to the opposing party. Anderson, 477 U.S. at 255.

### IV.    DISCUSSION

#### A.  Legal Standard

The Age Discrimination in Employment Act ("ADEA") prohibits employers from firing or discriminating against an employee based on age. 29 U.S.C. § 623(a). To prevail on an ADEA claim, a plaintiff must prove by a preponderance of the evidence that age was the "but-

for" cause of an adverse employment action. Willis v. UPMC Children's Hosp. of Pittsburgh, 808

F.3d 638, 644 (3d Cir. 2015) (citing Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177–78 (2009)).

ADEA claims are evaluated under the McDonnell Douglas Corp. v. Green, 411 U.S. 792

(1973) burden-shifting framework. See Keller v. Orix Credit All., Inc., 130 F.3d 1101, 1108 (3d

Cir. 1997) (reaffirming application of McDonnell Douglas in ADEA cases). First, the plaintiff

must establish a prima facie case of discrimination, Keller, 130 F.3d at 1108 (citing St. Mary's

Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993)), by showing that they are at least 40 years old,

suffered an adverse employment action, were qualified for the position, and were replaced by a

younger employee or that the adverse action was more likely than not based on age, Burton v.

Teleflex Inc., 707 F.3d 417, 426 (3d Cir. 2013); Willis, 808 F.3d at 644 (citing Pivirotto v.

Innovative Sys., Inc., 191 F.3d 344, 352 (3d Cir. 1999)). Then, the burden shifts to the employer

to articulate a legitimate, nondiscriminatory reason for the adverse employment action. Jones v.

Sch. Dist. of Phila., 198 F.3d 403, 412 (3d Cir. 1999) (citing Keller, 130 F.3d at 1108); Fuentes v.

Perskie, 32 F.3d 759, 763 (3d Cir. 1994)). The burden then shifts back to the plaintiff to show that

the employer's stated reason is pretextual, Willis, 808 F.3d at 644–45 (citing Burton, 707 F.3d at

426–27), by either (1) presenting evidence from which a factfinder could disbelieve the employer's

explanation, or (2) showing that age discrimination was more likely than not a motivating factor

in the decision. Fuentes, 32 F.3d at 762; see Willis, 808 F.3d at 644.

### B.  Analysis

The County does not dispute that Baldini established a prima facie case of discrimination.[14]

Mot., ECF 32; Keller, 130 F.3d at 1108 (citing St. Mary's Honor Ctr., 509 U.S. at 506). Under

---

[14] A large portion of Baldini's reply brief discusses employees under the age of forty who were hired soon after Baldini was fired. Reply at 2–5, ECF 57. This evidence presumably is part of Baldini's prima facie case.

the burden-shifting framework, the County must articulate a legitimate, nondiscriminatory reason for Baldini's termination by offering evidence that would allow a factfinder to conclude that the decision to terminate Baldini was based on non-discriminatory reasons.  Jones, 198 F.3d at 412 (citing Keller, 130 F.3d at 1108).  Baldini must show that the County's stated reason is pretext. See Willis, 808 F.3d at 644–45 (citing Fuentes, 32 F.3d at 763 & Burton, 707 F.3d at 426–27).

### i.   The County Can Establish a Legitimate Nondiscriminatory Reason for Baldini's Termination

The County has articulated a legitimate, nondiscriminatory reason for Baldini's termination: well-documented performance issues.[15]  See Ross v. Gilhuly, 755 F.3d 186, 193–94 (3d Cir. 2014) (holding that "poor job performance" can be legitimate reason for termination).  It is undisputed that the County began expressing concerns about Baldini's performance more than a year before his termination.  These concerns included his failure to document case actions, timely resolve cases, and submit files for supervisory review, DSUMF ¶¶ 6, 7 (citing Def. Ex. 4, ECF 32-4 & Defs. Ex. 6, ECF 34-6), and Baldini was aware of these concerns.  The County raised concerns about Baldini's failure to file motions, attempts to introduce clearly inadmissible evidence during trial, and failure to prepare a sentencing memorandum, id. ¶ 11 (citing Def. Ex. 7, ECF 34-7), which led the County to provide Baldini with a letter summarizing these concerns and place him on a PIP.  Additionally, Baldini failed to file a praecipe to withdraw from a case, id. ¶ 18 (citing Def. Ex. 10, ECF 34-10), and missed preliminary hearings, id. ¶ 19 (citing Def. Ex. 10, ECF 34-10).  In response, the County supplemented his PIP with expectations including appearing in court,

---

[15] The issue raised by Baldini concerning whether Mirsky used the case management system or found it was confusing, Papi Decl., ECF 38-1, does not preclude summary judgment considering the well-document instances of performance deficiencies since the declaration is not properly considered, see infra n.16.

answering emails, and submitting hearing summaries. Id. ¶ 21 (citing Def. Ex. 11, ECF 34-11).

These undisputed facts establish a legitimate, non-discriminatory basis for Baldini's termination.

### ii. Baldini Cannot Prove That the County's Proffered Reasons for His Termination Are Pretext

Baldini fails to present evidence that would allow a reasonable factfinder to conclude that

the County's stated reasons for his termination were pretextual.  To show pretext, Baldini relies

on (1) evidence of his commitment to his job, (2) the fact that his termination coincided with other

adverse actions against older attorneys, and (3) a stray comment made by Mirsky.  Opp. at 13, 14,

ECF 38 (citing Plf. Ex. E, ECF 38-5, Plf. Ex. S, ECF 38-19, & Plf. Ex. T, ECF 38-20).  But this

evidence neither undermines the County's explanation nor supports an inference that age

discrimination was more likely than not a motivating factor in his termination.  Willis, 808 F.3d at

644 (quoting Fuentes, 32 F.3d at 764–65).

First, Baldini cites commentary addressing his commitment to his clients.  See Papi Decl.,

ECF 38-3 (stating that when global pandemic struck, Baldini was dependable and prioritized

clients over his personal safety);[16] Ianucci Aff. ¶¶ 6–7, 13, ECF 38-2 (noting that Baldini cared

about his clients).  While an employee can show pretext through evidence of good performance,

Tomasso v. The Boeing Co., 445 F.3d 702, 708 (3d Cir. 2006), circumstantial evidence of

---

[16] Under Fed. R. Civ. P. 56(c)(1)(A), a party asserting that a fact is disputed on summary judgment may support that assertion with an affidavit or declaration.  However, "unsworn declarations may substitute for sworn affidavits [only] where they are made under penalty of perjury and otherwise comply with the requirements of 28 U.S.C § 1746." Ray v. Pinnacle Health Hosps., Inc., 416 F.App'x 157, 164 n. 8 (3d Cir. 2010) (non-precedential).  Indeed, unsworn testimony is not properly considered on a motion for summary judgment. Fowle v. C & C Cola, 868 F.2d 59, 67 (3d Cir. 1989) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n. 17 (1980)); United States ex rel. Doe v. Heart Sol., PC, 923 F.3d 308, 315 (3d Cir. 2019) (noting that unsworn statements "not given under the penalty of perjury" are generally "insufficient to create an issue of fact on summary judgment").  Papi's declaration is not maed under penalty or perjury and does not comply with the requirements of 28 U.S.C § 1746, and thus is not properly considered on this motion for summary judgment.

Baldini's commitment to his clients does not create a material dispute of fact about the reasons for his termination. Unlike cases where courts denied summary judgment due to factual disputes about pretext—such as when a plaintiff had consistently positive performance evaluations and no disciplinary record, see, e.g., Komis v. Perez, 2014 WL 2738189, at *2 (E.D. Pa. June 16, 2014) (Rice, J.) (finding material dispute of fact about pretext where plaintiff had good performance evaluations but was terminated for poor performance); Buffington v. PEC Mgmt. II, LLP, 2013 WL 1290232, at *8 (W.D. Pa. Mar. 27, 2013) (finding material dispute of fact about pretext where plaintiff was never disciplined and received pay raises, but was purportedly terminated for poor performance)—Baldini was disciplined and his performance issues were well-documented.[17] His commitment to his clients neither undermines the County's explanation nor supports an inference that discrimination was more likely than not a motivating factor in his termination. Willis, 808 F.3d at 644 (quoting Fuentes, 32 F.3d at 764–65).

Second, Baldini argues that his termination coincided with other adverse actions Welsh took against older attorneys, constituting circumstantial evidence of age discrimination. Opp. at 13–14, ECF 38 (citing Ellixson Aff., ECF 38-5; Martini Dep., ECF 38-19; Martini Dep., ECF 38-20). The fact that an employer discriminated against other employees may be circumstantial evidence of discrimination. Fuentes, 32 F.3d at 765. Baldini presents circumstantial evidence that Welsh had made comments about other employees' ages (see Ellixson Aff., ECF 38-5; Martini Dep. 26:16–27:14, ECF 38-19; Bechtle Dep., ECF 38-23), that other employees filed age discrimination cases concerning Welsh (see Bechtle Compl., ECF 38-11 & Papi Compl., ECF 38-13), and that other employees filed age discrimination charges with the Pennsylvania Human

---

[17] In fact, Baldini's performance issues are even acknowledged in an affidavit that Baldini attempts to use to support his position. See Ianucci Aff. ¶¶ 5–8, ECF 38-2 (noting Baldini's performance issues).

Relations Commission and Equal Employment Opportunity Commission (see, e.g., Cavanagh Charge, ECF 38-17, Anmuth Charge, ECF 38-16, Welsh Charge, ECF 57-1). Moreover, and as discussed above, while Baldini has argued there are twenty employees that he speculates were under the age of forty and hired after Baldini was terminated, Reply at 2–5, ECF 57, this does not demonstrate that the proffered reasons for Baldini's termination were pretext. Even viewed in the light most favorable to Baldini, all this evidence "does not cast serious doubt on [the County's] legitimate, non-discriminatory employment decision" to terminate Baldini based on well-documented performance issues, Creely v. Genesis Health Ventures, Inc., 2005 WL 1271876, at *8 (E.D. Pa. May 26, 2005) (Surrick, J.), aff'd, 184 F. App'x 197 (3d Cir. 2006) (non-precedential).

Third, Baldini attempts to show pretext by highlighting a quote attributed to Mirsky in which she allegedly stated in a management meeting, "I hate old white men." See Papi Decl. at 3, ECF 38-1. Baldini's evidence of this statement is improperly considered on this motion for summary judgment; Papi's declaration is unsworn and thus cannot create a genuine dispute of material fact, see supra n.16, and Ianucci's affidavit lacks personal knowledge of the Mirsky statement and is this not properly considered, Ianucci Aff. ¶ 9, ECF 38-2. See Lowe v. Phila. Newspapers, Inc., 594 F. Supp. 123, 126 (E.D. Pa. 1984) (Kelly, J.) (noting affidavits submitted to oppose summary judgment must be based on personal knowledge). However, even assuming, *arguendo*, this evidence was properly considered, Mirsky's comment neither undermines the County's explanation nor supports an inference that age discrimination was more likely than not a motivating factor in Baldini's termination in light of his performance issues. Willis, 808 F.3d at 644 (quoting Fuentes, 32 F.3d at 764–65). Baldini's reliance on evidence of his commitment to his job, the fact that his termination coincided with other adverse actions against older attorneys (and the subsequent hiring of younger employees), and Mirsky's comment is shaky at best, would

not cause a reasonable factfinder to disbelieve the proffered reason for his termination, and does not support a reasonable inference that age discrimination was more likely than not a motivating factor in his termination.  Willis, 808 F.3d at 644 (quoting Fuentes, 32 F.3d at 764–65).

In fact, Baldini's opposition refers to evidence which undermines his attempt to show that age was a motivating factor in his termination.  The grievance forms filed on Baldini's behalf (ECF 38-7, 38-2, 38-9) grieve his termination but are silent on his age.  One affidavit which Baldini argues shows that he was discriminated against acknowledges that Baldini "maybe [did] not display[] the attributes of what our management team would consider to be those of an exemplary attorney, and acknowledged his technical inabilities and failure to check his email.  Ianucci Aff. ¶¶ 5–8, ECF 38-2.  This affidavit further undermines Baldini's attempt to show that age discrimination was more likely than not a motivating factor in his termination as it states that a "significant majority of [the] office was in fact older, white men, so any attempt to downsize . . . would result in primarily letting go older, white men."  Id. ¶ 19.[18]

Accordingly, Baldini fails to raise a genuine dispute of material fact regarding whether the County's stated reasons for his termination were pretext for age discrimination.

## V.    CONCLUSION

For the reasons stated above, the County's Motion for Summary Judgment is **GRANTED**. An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 24\24-1456 Baldini v. County of Delaware\24-1456 Mem. on Summ. J..docx

---

[18] Unlike this Court's denial of summary judgment in Bechtle v. Cnty. of Delaware, 2022 WL 19272, at *4 (E.D. Pa. Jan. 3, 2022) (Baylson, J.), which concerned similar age discrimination allegations against the same defendant as Baldini's case, Baldini fails to raise a genuine dispute of material fact as to whether the basis offered for his termination was pretextual.  In Bechtle, Welsh had conflicting testimony about the reasons for Bechtle's termination, which the Court found could sufficiently cause a reasonable factfinder to disbelieve the proffered legitimate reason for Bechtle's termination.  Here, Baldini has not put forth evidence that rises to the same level.